Case number 25-1660, Roy West v. USA. Oral argument, 15 minutes per side. Mr. Daly for the petitioner. Good morning. Craig Daly on behalf of Roy West, and I will be reserving two minutes for rebuttal. What is remarkable about Mr. West's case is that all of the underlying facts regarding the life sentence being illegal and unconstitutional are agreed by the parties, by the district court, and even this court. So even given those facts, Mr. West has been unable to get relief from his unlawful life sentence. The parties agree, and the courts agree, that the government charged Mr. West with a 10-year offense. It's undisputed also that the jury was instructed on a 10-year offense. At the time of sentencing, though, the government advocated for a life sentence, and everybody else missed it. The defense lawyers, the district judge, the probation department. There is one other important fact, because in the 2255 petition, Mr. West raised an issue about the causation of death in the context of an ineffective assistance of counsel claim. The way that the government defeated that claim is that they pointed out the factual basis for the illegal sentence and the unconstitutional sentence. Telling the district court that that claim was frivolous and irrelevant because Mr. West was never charged with the murder. Never charged with the murder, the jury wasn't instructed with the murder, and therefore that claim had to be defeated. And the district court adopted that. The Supreme Court, the presiding judge, is that she granted a motion for relief of judgment, granted a compassionate release motion, a motion to reduce the sentence, and determined that the sentence was extraordinary and unique. Right, but that was illegal. The Supreme Court just said that. That's correct. But that led in part to this court's remand under 60B, because in one of the orders that this court issued, it required Mr. West to turn himself in. He was released en banc after the district judge reduced the sentence from a life sentence to time served. And who was the first district judge? Roberts. Judge Roberts, yes. The successor was Matthew Lightman. Lightman, right. Yes, that's correct. And I think that that's important because they clearly had different ideas about the life sentence and whether or not it should have been overturned. But to get back to Judge Larson's remark, what ultimately this court did, once the 60B motion was filed, at the suggestion of this court that that may be the basis for Mr. West to get from underneath this life sentence, the district judge sent it back to the Sixth Circuit for certification. This court said it wasn't a disguised habeas case. It was, in fact, a valid 60B6 motion on two grounds. And one of them was what the district court had found, and that is that the sentence was extraordinary and unique. And then the other ground that the court sent back to the district court specifically, and this is not a plenary remand. This is very specific. The other one was what the court considered to be the specter of fraud. So under 60B6, the equity powers are very broad. They require that the court... Let's start. I'm sorry, but we've got to move a little more quickly to some of the key points here. What's your theory of fraud? Is that something you want to push today? What's your main theory under 60B for relief? You don't have to start with fraud, but if you have a fraud theory, I'd like to hear it. Yes, I do. There were two instances of fraud. One was at the actual sentencing where the government advocated for a life sentence. That's the first instance. Why was that fraud? Well, because prosecutors, the Department of Justice specifically tells their employees, their lawyers, to make sure at sentencing that the sentence doesn't exceed the statutory limit. So they've got an obligation. They made a mistake. I think everybody agrees they made a mistake. But fraud requires intent. And what is the evidence of the prosecutor knowing that this was an illegal sentence? I think that that's their obligation. It's not an intent. So you're saying that the test should be, it's a fraud on the court if the prosecutor commits negligence. So the test under Carter and Demjik for fraud is not an intentional act. So there's other variations that we're purporting fit this case. Willfully blind. Reckless disregard for the truth. The truth being that they charged a 10-year offense. Concealment with a duty to disclose it. And that's exactly what happened in this case. So the government can't just claim that this was a mistake that everybody missed and use that as cover. Isn't the Rule 60B motion based on fraud untimely? Because it has to be brought within one year of the judgment under Rule 60C? Under 60C, I don't believe in looking back that there's any specific time frame. No, there is. I don't think the other side has raised this, but under Rule 60C, if you want to go on fraud, then you have to bring that within one year. If you want to go under 6, any other reason that justifies relief, then you just have to bring that within a reasonable time. Yes. Under 60B-6, there is no time limitation for us to bring this? Well, there is. It's a reasonable time. I don't disagree. By the way, the fraud was, you would say, only the government, not his counsel? It's an adversarial process. We're talking about neglect and so forth, but that's not part of your theory. Defense counsel was not involved in the fraud? Not in the fraud. Maybe ineffective assistance of counsel, obviously, both at the trial level and the appellate level. And if there was a right to counsel at a 2255, that would also include them as well. None of them picked up on that. I know that's a problem. They all look like they're doing the same thing, which is why it's weird to call one of them fraud and the other not fraud. Well, I talked in terms of fraud at the sentencing, the other parties at the 2255 motion. In order to defeat that claim, the government revealed the underlying facts that the sentence was unconstitutional. By saying, and beyond the statutory limit, by saying that murder, which is necessary for the investigation, enhancement to life, wasn't charged and that the jury didn't pass on it. They disclosed at that point the underlying facts. They knew at that time that the sentence had to be illegal and unconstitutional. That doesn't mean they connected the dots to an Apprendi violation. I mean, they are saying this is not an element of the crime, but in order for it to be fraud or something like that, they would have to connect the dots and say, ah, therefore, there was an original Apprendi violation. Well, they're willfully blind to their obligation, they're willfully blind to the duty to reveal to the court that the sentence is illegal. And the judge at the time, the presiding judge, had they said, look it, this sentence is unlawful, I don't think there's any question that she would have set it aside. Because she had done so previously. So the government's response that this has to be intentional, and I'll just say this, there's nothing in the record to say one way or the other whether it was intentional or just a mistake, oversight. But you have to remember that if the government's claiming that they don't have a duty to reveal that the sentence is illegal, it allows them to do such things as sitting on the case. No duty to reveal that the sentence is illegal. We'll just wait until the statute of limitation passes, and then if somebody brings it up, we'll use that as the defense. And that's what exactly has happened in this case. So in terms of the fraud, I think there's more than an abundance of evidence that this court could conclude and should conclude that the government engaged in fraud. Not necessarily intentional. I'm not saying that that was intentional. I don't know. My personal opinion is that it wasn't done intentional. In terms of the equities in the case and where the district court went wrong is... Tell me your theory had this been tried the right way. What was the theory? Had this been had to be proved beyond a reasonable doubt as an element and so forth, they got it all right. What was your theory of why this would have made a difference in this case? Then I think the third party culpability issue that this court said and the district court said was substantial would have been more prominent. I would have tried it differently. But here's the difference. When you charge just the assault with intent to murder... So you were the lawyer in the underlying case? You weren't the lawyer in the underlying case. You were the lawyer in the underlying case. So the district court offered and agreed to a 15-year sentence, both Mr. Freeman and Mr. Scott, who the government claims were part of the conspiracy with the actual shooters, got 15 years. Here's Mr. West having served over 20 years, and he's the only one still in prison. So when we're talking about 60 v. 6, we're talking about any reason. We're talking about equities. There was a whole series of... Can I just piggyback off Chief Judge Sutton's question? If this had been raised on direct appeal, so the lawyer on direct appeal says, oh, my goodness, there's an apprendee violation here. But it wasn't raised in the trial court. So now you're on plain error review. What would have been the argument that would have gotten you around neither except a harder burden because it's plain error? Or if it had been raised in the 2255, it's a procedurally defaulted claim. So now you've got to show cause and prejudice. In terms of plain error, you go back to what the district court said. The effect, the prejudice... Judge Roberts. Judge Roberts. Judge Roberts. Yes. She says the prejudice in this case and the manifest injustice is not only to Mr. West, but to the public's confidence in the proceedings. That's prong four of the test, but you have to get past prong three. So it would be your client's burden to show that had this been raised in the trial court, that a reasonable... Had this been submitted to the jury, that a reasonable jury would have concluded that he was not... That he did not cause the death. Okay. Here's where we have to be careful. This is not an evidentiary trial issue. It's a sentencing issue. So when Chief Justice Sutton said to me, how would you try that case, that's focused on the evidentiary part of the case. No, but it's not a sentencing issue because your whole point is it's an apprendee violation. So whether death resulted should have been submitted to the jury. I'm not saying that. What I'm saying is that... How is it an apprendee? I don't understand how it's an apprendee violation. Okay. The government decides on its own, right? The charge. They also are involved in the instruction to the jury. If you're charged with a 10-year offense, but you end up with a sentence of life, that is only... The sentence is the only factor in question. Because he got convicted of a 10-year offense. It's not like we're asking them to include that element of murder in the charge to the jury instructions. I'm missing your point, but pre-apprendee booker, all that stuff, it happened all the time. I'm sorry, go ahead. You did the trial and then you had a whole sentencing regime and that was the way it worked. Maybe I'm missing your point. No. The sentencing regime that you mentioned was different before apprendee. In other words, the sentencing judge could say, well, the government didn't charge him with murder, but I find by preponderance of the evidence that there was sufficient evidence. That's the big difference here. Bingo. We're trying to figure out if Judge Larson's asking if it had been put to a jury, what's the proof that he wouldn't have run into trouble with a jury on this issue? So we don't know at this point what the jury considered in terms of the death because they were never charged with it. If we look at the evidence from the beginning of the case, when there was evidence allegedly that Mr. West said in certain phone calls, things such as, just meet at the bus stop, there's nothing to talk about. A jury could infer from that evidence from the beginning of the case an intent to murder, without even the other evidence of murder. The government suggested three minutes after the shooting, Freeman called West and said the situation is over with. That's pretty powerful evidence that Freeman was acting on the behest of West. In a conspiracy with the intent to murder. Not the murder itself, but he was convicted. But it was right after Freeman had committed the murder. Wouldn't a reasonable jury have found that Freeman committed the murder on behalf of West and that death resulted? I think it's undisputed that death resulted. And the only question is causation. Meaning, was Freeman acting on behalf of West? And Freeman calls West three minutes after the murder and says it's over with? Okay, so there is an inference based on that. It's not direct evidence. There were no eyewitnesses to the killing itself. But, again, that's not what he was charged with. The jury's not focused on this. So I think the mistake being made is trying to go back and look at the evidence. Was it overwhelming? Did it show that Mr. West... that he had been charged with this death resulted? Yeah, I think that was in response to the evidence that the defense introduced. So we have a situation where Mr. Day had committed two murders. There were warrants for him. He slit a guy's throat and so he left. He left Detroit, went down to Akron to be with Mr. West. Mr. West gave him a job doing some tiling he wasn't happy with. So he stole from Mr. West money, jewelry, a gun, a truck, and came back. At that point, if we're talking about... Australia, your red light's been on for quite a while, so why don't you bring this point to a conclusion and you'll get your full rebuttal. Mr. Day, when he left Akron, knew that one of two things was going to happen. He was going to spend the rest of his life in prison, one, or he's going to get killed. He's the one that picked the second one. He knew what was going to happen. Three days before he was killed, he was going around with the jewelry on and he was going to topless bars. He went to a place called the C-Note Lounge and when he walked out into the parking lot... It doesn't sound like you're bringing it to a conclusion, so one more chance to finish up. Otherwise you won't get your rebuttal. Do you want your rebuttal? Yes, I do. Thank you very much. Thank you. We'll hear from the other side. Good morning. Good morning. May it please the court, my name is Jessica Curry and I represent the United States. This court should affirm because denying relief from judgment based on the habeas statute of limitations was not an abuse of discretion. Before diving right into procedure, I want to be clear up front that this is not a case of actual innocence. The murder for hire offense here did result in Leonard Day's death. He was fatally shot by West's hitman, Marcus Freeman, and the proofs at trial overwhelmingly support the enhancement despite the apprendee error. Well, I mean, the panel that looked at this and sent it back seemed pretty troubled. You know what I'm talking about? Yes. The remand order. Judge Roberts, I mean, it does seem odd, right? I mean, the other people got, what, 15 years? Is that what's going on? Yes. Marcus Freeman pleaded guilty, however, and in doing so admitted that he carried out the very same murder for hire plot that West was charged with. So there's really no dispute that West is appropriately held accountable for the murder. Pleading guilty and going to trial and 15 years versus life. I don't know. That seems like a pretty big gap. It does. I think many would look at the benefit that Marcus Freeman got as perhaps an injustice, but for a murderer to serve a life sentence is not unjust. What happened? So go to the fraud claim and the intent. How did this mistake happen on behalf of the government? Was it reckless disregard? It sounds like it doesn't necessarily have to be intent to prove a fraud concealment claim. You could arguably say it was reckless disregard. This was human error. That's been found even by Judge Roberts below. This was human error on everyone's part. And this error of omission still did not give West the impression that he was charged with at most a 10-year offense. This was originally a capital case. West was appointed counsel to represent him in death penalty proceedings. The indictment, the manner and means section, alleged that this murder for hire conspiracy resulted in Leonard Day's death. The government's theory of the case never changed, and the acknowledgement advised West that he faced up to life in prison or the death penalty if convicted. So Apprendi says it has to be alleged in the indictment and proved at trial. So it sounds like the alleged in the indictment part was there, and it just was not a specific question in the jury interrogatory. Is that the problem? That is the problem. Can I just clarify that? So you're saying the indictment did charge the death results enhancement? I thought it did not. It is not included in the charging language of the indictment, but the indictment has a manner and means section, and in that section the government laid out its theory of the case. And it included allegations that the murder for hire resulted in death, specifically by Marcus Freeman, West Hitman, shooting Day. Is that sufficient in an indictment to charge the enhancement? I just don't know what the case law is on that. It is an Apprendi violation. We have agreed on that part. But it goes to this idea of fraud or intent. The government was not hiding the ball. The reason this was not noticed is because everybody was on the same page, even though that charging language didn't include the death results enhancement and even though the jury instructions. Who was the district court judge? It was Roberts. By the time this reached sentencing, there was also no dispute that this was a mandatory life case. Everybody was in agreement. There was no objection. The PSR mentions that this is a murder and that West is being held accountable for a murder something like 10 times, and there was no objection to that. And at sentencing, Judge Roberts said most of the information here that describes the offense, I did read it, and the court believes that it does comport with the evidence that was presented at trial. So all of that goes to show that this error, although understandably it's troubling, that it was ultimately harmless. Harmless in the sense that the jury would have found these facts had they been submitted to it? Yes, I would agree with that. But what your opposing counsel is saying is that's not the claim. We're not saying like, oh, yeah, please add this charge that he wasn't charged with. We're saying you had your trial and now he can't be sentenced that way. That's true for every case before Apprendi. That's how things operated. And I think, Judge Larson, you mentioned that had this been presented for the first time on direct appeal, review would be for plain error. And just considering, looking at the big picture, there's a very high bar for when an omitted element can ever be reversible plain error. A couple examples stand out. Cotton is probably the most on point. The omitted element there was drug quantity. That was not found by the grand jury. It was not found by the trial jury. The difference in the sentence because of that omitted element was 20 years versus life in prison. And several of the defendants in Cotton received life sentences. And that was determined to be not reversible plain error by the Supreme Court. In fact, in analyzing the fourth prong of plain error review, the Supreme Court commented that it would, the real injustice would be to allow the defendants to be sentenced as if they were not distributing the quantity of drugs that they actually were distributing. Can you remind me, though, was drug quantity not charged in the indictment in Cotton? I know that's true. Oh, he pled guilty. So it wasn't Cotton. There was no jury trial. I was about to ask you what the jury heard, but I think Cotton is a guilty plea case. In other examples, Greer, the omitted element there was actually the mens rea of the crime. It wasn't found by the grand jury. It wasn't found by the trial jury. So it would make no sense for there to be reversible plain error here or given those other cases. Do you want to talk about the statute of limitations? Because I think that is one of the main arguments that we didn't hear in oral argument today, but in the briefing. So the argument is that the district court relied on the statute of limitations to say, I'm not going to grant the 60B because it's equitable. There's no point in granting the 60B because the claim is out of time. So it couldn't be brought in the first place. They say you waived that claim. Do you want to talk about that? The government raised the statute of limitations defense at the very first opportunity. The original motion for relief from judgment that got transferred to this court as a second or successive habeas petition, we had raised it way back then, that this is out of time. But that's about all you said. This is like half a sentence, like this is out of time. And I think his point is that's not enough. Well, it's implicit. He doesn't make it defective. The statute of limitations, it's one year. We all know that the judgment became final when the Supreme Court denied his petition for certiorari on direct review. That was in 2013. So we said that. He, from there, had one year. And there is no apprendee claim raised in that time frame. That's also undisputed. At that point, the government has done its job to raise the statute of limitations defense, and the burden then shifts to the defendant. So waiver might not be the right phrase, because I agree that that shows that you didn't intentionally relinquish the statute of limitations defense. Do you think forfeiture might be in play? Because we do have cases all suggesting something that is raised in a cursory manner, without kind of argumentation in support of it. It could be a forfeiture. It was just the one sentence. So why wouldn't that argument potentially apply? This was developed even further in the district court following that initial response. And the parties have actually been litigating. There was supplemental briefing ordered by Judge Lightman below. And the parties developed their arguments. So even as to the potential excuses for the statute of limitations, the government argued those as well. In addition, the statute of limitations is something that the district court could raise sua sponte. And that actually happens during habeas proceedings. So certainly a district court should be able to inquire about a statute of limitations defense many years after finality has set in. So the other thing that your opponent would say to that, though, is not a waiver, but is that the remand order said you have to address these two things. The district court defied the remand order by talking about the statute of limitations at all. Do you want to respond to that? Sure. So we have a different interpretation of the remand order. The government's interpretation is that it merely directed the district court to treat the motion under Rule 60B. So it had to exercise jurisdiction. It couldn't construe it as a disguised habeas claim and transfer it. And the district court did just that. It accepted the premise that this is a Rule 60B motion and it applied the test from Buck, which is that there is a precondition as part of the Rule 60B analysis. You have to ask whether there is a viable claim. We're not going to reopen habeas proceedings just to go through this empty exercise. Do you think viable claim means like twombly plausibility, or do you think viable claim means you have to prove it at that stage? I'm using viability really more as a procedural bar to be distinguished from the merits of the habeas claim. Is that habeas claim procedurally barred? In Buck, there was an issue of procedural default, and the Supreme Court said we can only even review this Rule 60B issue if that procedural default is excused. I'm just trying to figure out how much at the initial stage. Say there was a really good equitable tolling argument, but it might require some factual development. Could that be considered a viable claim even if at the initial motion stage, the factual development hadn't happened yet and you're just alleging maybe allegations to look into? I think there's some room for that in the case law. Even the district court here said this doesn't need to be ironclad. Had it been a much closer question, the court could have then balanced the habeas claim in the balance of equities of the Rule 60B arguments, but we didn't get there. Again, because Buck says that there's a precondition requirement. It wasn't satisfied here. The district court appropriately applying that Supreme Court precedent didn't reach the issue of whether those were excused. One other point on the remand order. Interpreting the remand order the way the government does is also consistent with the Court of Appeals' limited gatekeeping role. This court is the gatekeeper of the successive petition bar. It's not the gatekeeper of the statute of limitations or any other Rule 60B requirement. Even in the remand order, the court says its task is to determine whether this is a Rule 60B motion or is it second or successive. If it's second or successive, this court then looks to whether those two narrow options in 2255H1 or 2 is met. We didn't get there in this case because this court determined that these two bona fide arguments existed, so it got remanded back. It's not the law of the case at this point. Yes, it is the law of the case, and the district court appropriately treated it as the law of the case. The directive was, consider this motion under Rule 60B. The district court did that. I'll briefly touch on some of these theories in terms of tolling. For fraudulent concealment, nothing was hidden in this case. All of the information was always at West's disposal. It just went unnoticed by everyone. Equitable tolling, he hasn't shown any diligence in trying to discover this claim. As far as actual innocence, that's an option for tolling, but he doesn't have any new reliable evidence of his innocence. I'll otherwise rely on the government's briefs with respect to the relation back doctrine. I don't believe my friend on the other side really touched on that issue. I'll close with this. This is a quote from United States v. Campbell, this court's decision in 2024. The Supreme Court has twice rejected the notion that any missing piece of the legal puzzle before the jury demands a new trial. Instead, it utilizes a harmless error analysis even when it bears emphasizing a jury does not consider an entire element of an offense or a sentencing enhancement altogether. For all of those reasons, the government asks that this court affirm. First of all, with regards to the standard of review for this court, it is correct to say that it is an abuse of discretion for a 60 v. 6 motion. However, the judge ruled as a matter of law regarding the statute of limitations. That's reviewed by this court, de novo. So you can review all of those issues that were raised in the statute of limitations, pass your own judgment on it, number one. You said you weren't the lawyer for Mr. West. Who was the lawyer for Mr. West? There were two lawyers. One, I have to think for a moment. That was a long time ago. Mr. Pitts. And then there was an outside counsel. Let's see who it was. A lawyer from Chicago. Because this was, as sister counsel indicated, it started as a death penalty case but didn't end up like that at all. So there were two lawyers. Which gets me to the question that Judge Larson raised about plain view. There is another avenue. Plain air. What did I say? Plain view. Oh, I'm sorry. I get all my search and seizure and all this other stuff all seems to come together at the same time. But anyhow, ineffective assistance of counsel. Much stronger argument on the appeal as of right or even in the 2255. Easily could meet both tests under Strickland. I don't think there's any question about that. It's tough to get over the prejudice prong. I think the performance prong is pretty easy. The first prong was that the lawyer was incompetent. This court, even on the decision in this court, presumed that there was prejudice. I don't understand how somebody can be charged with a 10-year offense, has now served 20 years, and looks like he's going to die in prison, is not prejudicial. The question is, had the element been submitted to the jury, could your client show that the jury would, a reasonable probability that the jury would not have convicted? Because the error is not submitting this to the jury. The error is the sentence. Correct. And I've said this before, but I think that those questions lead down the wrong path. It's what the government says. The evidence is overwhelming. It's not harmless error. Even though those were decided by the district court, the district court said this isn't harmless. This court said we're going to presume that it's prejudicial. But that is not the question before the court. It's not the evidentiary issue. It's not what would have happened, but what did happen in terms of the charges and what happened at sentencing. Thank you very much, Mr. Daly. I appreciate it. Thanks to both of you for your helpful arguments. And, Mr. Daly, I see you were court-appointed counsel. We're really grateful for your service. Mr. West is lucky to have you, so thank you very much for your briefs and argument. Okay. The case will be submitted and the clerk may adjourn court.